

FILED

AUG -8 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SONY GAMING NETWORKS AND CUSTOMER
DATA SECURITY BREACH LITIGATION     MDL No. 2258

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of California action (*Johns*) moves for centralized pretrial proceedings of this litigation in the Northern District of California. Defendants[1] support centralization in the Southern District of California.

Plaintiff's motion includes eighteen actions pending in six districts, as listed on Schedule A. The Panel also has been notified of 43 additional related actions.[2]

No party opposes centralization, though there is some disagreement regarding the selection of the transferee district. All responding plaintiffs in various actions or potential tag-along actions support centralization in one or more of the following districts: the Central District of California, the Northern District of California, the Southern District of California, the Southern District of Florida, or the Eastern District of New York.

On the basis of the papers filed and the hearing session held, we find that these eighteen actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a security breach in Sony's video gaming networks on April 17 through April 19, 2011. Plaintiffs contend, *inter alia*, that the Sony defendants failed to adequately safeguard the financial, personal identification, and related data affecting an estimated 77 million users that was stored on the PlayStation, Qriocity and/or Sony Online Entertainment networks owned and serviced by defendants. We agree with the parties that centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell did not participate in the decision of this matter.

[1] Sony Corporation of America; Sony Online Entertainment LLC; Sony Computer Entertainment America LLC; Sony Network Entertainment International LLC; and Sony Network Entertainment America Inc. (collectively Sony).

[2] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

I hereby attest and certify on 8/8/11
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

-2-

While a number of the proposed transferee districts would be acceptable, we choose the Southern District of California to serve as the transferee forum for this litigation. Defendants and certain plaintiffs represent that some discovery related to the data breaches, may be located in this district, where defendant Sony Online Entertainment, LLC, is based. Sony employees who may have relevant knowledge of the breaches may also be found in this district. Additionally, the Southern District of California enjoys general docket conditions conducive to the efficient resolution of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Anthony J. Battaglia for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones

IN RE: SONY GAMING NETWORKS AND CUSTOMER
DATA SECURITY BREACH LITIGATION                               MDL No. 2258

## SCHEDULE A

### Central District of California

Rebecca Mitchell v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 2:11-03601
James Cupp v. Sony Computer Entertainment America, LLC, et al., C.A. No. 2:11-03627
Farid Kazimi v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 2:11-03676
Christopher McCard v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 2:11-03785

### Northern District of California

James Efird v. Sony Computer Entertainment America, LLC, et al., C.A. No. 3:11-02115
Justin Newman v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 3:11-02129
Christopher W. McKewon, et al. v. Sony Network Entertainment America, Inc., et al.,
    C.A. No. 3:11-02177
Ryan Romaine, et al. v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 3:11-02180
Kristopher Johns v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 3:11-02063
Shinli Chi v. Sony Network Entertainment America, Inc., et al., C.A. No. 3:11-02081
Ian McCoy v. Sony Computer Entertainment America, LLC, et al., C.A. No. 3:11-02153
Arthur Sanchez v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 3:11-02181
Scott Lieberman v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No.3:11-02197
Frank Turano v. Sony Corporation of America, et al., C.A. No. 3:11-02206

### Eastern District of Michigan

Tom Berman, et al. v. Sony Computer Entertainment America, LLC, et al.,
    C.A. No. 2:11-11912

### Eastern District of New York

Imran Ahmed v. Sony Computer Entertainment of America, LLC, et al.,
    C.A. No. 2:11-02133

- A2 -

Southern District of New York

Nick Connolly v. Sony Computer Entertainment America, Inc., et al.,
    C.A. No. 1:11-03088

Southern District of Texas

Mark Brown, II v. Sony Computer Entertainment America, Inc., et al.,
    C.A. No. 4:11-01694